## KEILEY v. MECHANICS' & TRADERS' BANK.

*(Supreme Court, General Term, First Department.   June 26, 1891.)*

CORPORATIONS—INSOLVENCY—TRANSFER OF PROPERTY.

 A manufacturing company which gives a bill of sale of all its machinery and other property to a creditor, who immediately takes possession of the same, makes a transfer of its property in contemplation of insolvency, since the bill of sale deprives it of the means to continue its business, and it is void as to other creditors, under 1 Rev. St. N. Y. p. 603, § 4.

Appeal from special term, New York county.

Action by William S. Keiley, as receiver of the Industrial Manufacturing Company, against the Mechanics' & Traders' Bank.   From a judgment for plaintiff, defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Thomas J. McKee,* (*S. J. Crooke,* of counsel,) for appellant.   *Moore, Blumenstiel & Hirsch,* for respondent.

VAN BRUNT, P. J.   It appeared upon the trial of this action that in and prior to the month of January, 1886, the Industrial Manufacturing Company was a domestic manufacturing company, duly incorporated and created under the laws of the state of New York, and carrying on business in the city of New York, which business was that of manufacturing Jersey jackets, and its plant consisted of machinery, fixtures, tools, etc., for that purpose in a factory located at West Forty-Fifth street.   The defendant is a banking corporation, created under the laws of the state of New York, carrying on business in the city of New York.   On the 7th of May, 1888, in an action brought in the supreme court of the state of New York for a dissolution of the said Industrial Manufacturing Company, a judgment was rendered dissolving said company, and appointing the plaintiff receiver of its property and effects.   He duly qualified. In addition to the property above mentioned, the said company had no other property or assets except certain manufactured merchandise which had been consigned by it for sale, upon which advances had been made at least equal to the value of the merchandise.   On the 24th January, 1888, said manufacturing company executed to the defendant herein a chattel mortgage upon its machinery and chattels and property situate in its said factory, to secure the payment to the defendant of the sum of $2,250, which mortgage was on said day duly filed in the office of the register of the city and county of New York. On the same day said company also executed to the defendants a bill of sale of said machinery, property, and chattels situate in said factory, in consideration of the same indebtedness for which the chattel mortgage was given. The consideration for which said chattel mortgage and bill of sale were executed was for an antecedent indebtedness arising out of the discount by the defendant for said company of a promissory note for the sum of $2,250, and which had not matured on said 24th January, 1888.   Under and by virtue of said chattel mortgage and bill of sale, the defendant took possession of the said machinery, chattels, and property on or about the 25th of January, 1888, the day after the execution thereof.   At the time of the execution of the said mortgage and bill of sale the said company was insolvent, and actions had been brought against it on matured claims and demands by various of its creditors, which actions were pending, and the said company had likewise made default in the payment of its promissory notes, which had matured prior to said 25th of January, 1888.   The learned court found that while insolvent, and in contemplation of insolvency, and with intent to create a preference to the defendant for the security of the antecedent indebtedness on the promissory note of $2,250, and not otherwise, the company made and executed the chattel mortgage and bill of sale above mentioned, and also that, the bill of sale and chattel mortgage having been executed by the company when insolv-

-ent, and in contemplation of insolvency, the same, and each of them, were utterly void, and gave judgment vacating and setting aside said bill of sale and chattel mortgage, and from the judgment thereupon entered this appeal is taken.    The decision was based upon the theory that the transfer in question was made in contemplation of insolvency, and therefore utterly void by the law of this state.    1 Rev. St. p. 603, § 4.    The statute reads as follows: "Whenever any incorporated company shall have refused the payment of any of its notes or other evidences of debt in specie or lawful money of the United States, it shall not be lawful for such company or any of its officers to assign or transfer any of the property or choses in action of such company to any officers or stockholders of such company, directly or indirectly, for the payment of any debt; and it shall not be lawful to make any transfer or assignment, in contemplation of the insolvency of such company, to any person or persons whatever; and every such transfer and assignment to such officer, stockholder, or other person, or in trust for them or their benefit, shall be utterly void."

It is claimed upon the part of the defendant that, as the Industrial Manufacturing Company was organized under the general manufacturing act, the general provisions of the Revised Statutes do not apply.    It is not necessary to discuss this proposition, because it has been assumed for too long a period of time that such corporations are subject to these provisions, and there have been too many adjudications based upon the fact that they are so subject, to consider the questions as one now open for discussion.    But it is urged that there was no such insolvency or contemplated insolvency, within the meaning of the statute, as rendered the security which was given void; and this point is based upon evidence which it is claimed upon the part of the defendant tended to show that at the time of the execution of these papers the company did not contemplate stoppage or failure, but intended to keep on, in the expectation that its affairs might be retrieved; and that as the contemplation of insolvency has been defined to be where a party, having full knowledge of his embarrassed circumstances, has no hope or expectation of relief, and anticipates an entire failure in business and absolute insolvency, the evidence in the case at bar fails to justify the findings of the court below that these papers were executed in contemplation of insolvency.    It is undoubtedly true that the mere fact of being unable to pay its debts does not operate of itself to produce such a condition of affairs that it is impossible for the corporation to go on and continue its business.    The wording of the statute is peculiar in that respect; a distinction being made between failure to meet its obligations and the doing of a thing in contemplation of insolvency.    But in the case at bar the evidence is absolutely conclusive that the company had no hope of continuing its business.    The giving of the bill of sale necessarily and absolutely prevented the continuance of its business.    It appears that its property consisted of goods which had been manufactured and consigned for sale, upon which advances to their full value had been made, and the machinery, tools, and instruments and other property used and employed by it in its manufactory in the conduct of its business.    All these articles were necessary for the conduct of its business, being a manufacturing business.    It gave a bill of sale upon all this machinery, etc.; and it was absolutely necessary, in order that the bill of sale should be of any effect whatever, that the purchaser should take immediate possession of the property, which it did.    How it was possible for the corporation to contemplate going on with its business after selling and delivering the possession of the very articles which were necessary for the conduct of its business has not been explained.    It is true that the secretary of the company testified that the company hoped to go on after this transfer; but after it had sold all its plant, and had no money to buy more, it would seem as though the hope indulged was quite illusory.    It is clear that this transfer was made in contemplation of insolvency, with the

knowledge that the corporation would have to fail, and for the purpose of giving the defendant a preference over other creditors because the defendant had advanced this money out of personal friendship for some of the officers of the insolvent company. We think the judgment should be affirmed, with costs. All concur.